UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JEVAUGHN MOULTON,

    PLAINTIFF,

v.

GUY PROSPER, individually,
TAYLOR ANDERSON, individually,
JOHN YULFO, individually,
CAMILLE DUMORNAY, individually,

    DEFENDANTS.
_____/

## COMPLAINT

1) This a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against GUY PROSPER [hereafter "DEFENDANT PROSPER"], individually, TAYLOR ANDERSON [hereafter "DEFENDANT ANDERSON"], individually, JOHN YULFO [hereafter "DEFENDANT YULFO"], individually, and CAMILLE DUMORNAY [hereafter "DEFENDANT DUMORNAY"], individually.

2) This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

## PARTIES

3) PLAINTIFF JEVAUGHN MOULTON [hereinafter "PLAINTIFF"] is a resident of Broward County, State of Florida.

4) At all times referred to herein, DEFENDANT PROSPER was acting under color of law as a police officer for the City of Coral Springs, and in such capacity, as an agent, servant, and employee of the City of Coral Springs.

5) At all times referred to herein, DEFENDANT ANDERSON was acting under color of law as a police officer for the City of Coral Springs, and in such capacity, as an agent, servant, and employee of the City of Coral Springs.

6) At all times referred to herein, DEFENDANT YULFO was acting under color of law as a police officer for the City of Coral Springs, and in such capacity, as an agent, servant, and employee of the City of Coral Springs.

7) At all times referred to herein, DEFENDANT DUMORNAY was acting under color of law as a police officer for the City of Coral Springs, and in such capacity, as an agent, servant, and employee of the City of Coral Springs.

8) PLAINTIFF sues DEFENDANTS ANDERSON, PROSPER, YULFO, and DUMORNAY in their individual capacities.

**FACTS**

9) On or about July 8, 2014, PLAINTIFF was riding his bicycle in the area of State Road 441 and Sample Road in Broward County, Florida.

10) Because PLAINTIFF's race, height, and age matched the description of a robbery suspect, DEFENDANT DUMORNAY detained PLAINTIFF.

11) DEFENDANT DUMORNAY did not have probable cause to arrest PLAINTIFF, and the similarities between the description of the robbery suspect and PLAINTIFF were insufficient for DEFENDANT DUMORNAY to have reasonable suspicion to detain PLAINTIFF.

12) Because PLAINTIFF was scared of the unprovoked attempt by DEFENDANT DUMORNAY to detain PLAINTIFF, PLAINTIFF fled the area on foot, traveling eastbound toward a nearby shopping center.

13) DEFENDANTS PROSPER, ANDERSON, YULFO, and DUMORNAY responded to the shopping center in an effort to apprehend PLAINTIFF.

14) DEFENDANT PROSPER had with him his K9 partner Bo, a police dog trained to bite, hold, and attack individuals at the command of DEFENDANT PROSPER.

15) DEFENDANT PROSPER correctly believed that PLAINTIFF was hiding inside of a dumpster, because of PLAINTIFF's fear of the police, in the rear of the shopping center.

16) Without warning to PLAINTIFF, DEFENDANT PROSPER placed his K9 partner Bo into the dumpster, ordering his K9 partner Bo to attack PLAINTIFF or knowing that his K9 partner Bo would attack PLAINTIFF based upon DEFENDANT PROSPER's actions.

17) DEFENDANTS ANDERSON, YULFO, and DUMORNAY were present at the scene before, during, and after Bo was released into the dumpster, also believed that PLAINTIFF was inside of the dumpster, and were aware of DEFENDANT PROSPER's intentions to release Bo into the dumpster so that Bo would attack PLAINTIFF.

18) DEFENDANTS ANDERSON, YULFO, and DUMORNAY did not attempt in any way to stop DEFENDANT PROSPER from releasing Bo into the dumpster and DEFENDANTS ANDERSON, YULFO, and DUMORNAY knew or should have known that Bo would attack PLAINTIFF upon being placed inside the dumpster.

19) Bo inflicted grievous injury upon PLAINTIFF, including but not limited to partially removing PLAINTIFF's left ear, as PLAINTIFF feared for his life while being attacked by Bo.

20) PLAINTIFF exited the dumpster and was taken into custody by one or more DEFENDANTS for resisting arrest without violence, contrary to Florida Statute 843.01, and resisting arrest with violence, contrary to Florida Statute 843.02.

21) DEFENDANTS ANDERSON, PROSPER, YULFO, and DUMORNAY then determined that PLAINTIFF was not the individual who committed the robbery under investigation.

22) PLAINTIFF endured severe injury and has undergone plastic surgery as a result of the attack, and suffered irreparable and permanent injuries, both physically and emotionally.

23) As a result of the incident, PLAINTIFF incurred expenses including, but not limited to, medical bills and loss of income.

## CAUSES OF ACTION

## COUNT 1

### FOURTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT PROSPER, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT PROSPER, individually, in Count 1, PLAINTIFF states:

24) PLAINTIFF realleges and adopts, as if fully set forth in Count 1, the allegations of paragraphs 1 through 23.

25) When DEFENDANT PROSPER was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by the City of Coral Springs, DEFENDANT PROSPER subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

26) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT PROSPER were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

27) As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

28) As a further direct and proximate result of the conduct of DEFENDANT PROSPER, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A. Judgment for compensatory damages against DEFENDANT PROSPER in excess of $15,000;

B. Judgment for exemplary damages;

C. Cost of suit;

D. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

E. Trial by jury as to all issues so triable; and

F. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT ANDERSON FOR FAILURE TO INTERVENE, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT ANDERSON, individually, in Count 2, PLAINTIFF states:

29) PLAINTIFF realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 23.

30) DEFENDANT ANDERSON, acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by the City of Coral Springs, was in the vicinity of the attack on PLAINTIFF by DEFENDANT PROSPER via his K9 partner BO. DEFENDANT ANDERSON was aware of the attack on PLAINTIFF, was capable of intervening to prevent the use of unnecessary force, and failed to intervene, both while the attack was imminent and while the attack was in progress. DEFENDANT ANDERSON thereby subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

31) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions and inactions of DEFENDANT ANDERSON were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

32) As a direct and proximate result of the acts and omissions described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and

psychological injury, and damaged reputation, including business reputation/goodwill.

33) As a further direct and proximate result of the acts and omissions of DEFENDANT ANDERSON, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life.  PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

- A. Judgment for compensatory damages against DEFENDANT ANDERSON in excess of $15,000;
- B. Judgment for exemplary damages;
- C. Cost of suit;
- D. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.
- E. Trial by jury as to all issues so triable; and
- F. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

### FOURTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT YULFO FOR FAILURE TO INTERVENE, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT YULFO, individually, in Count 3, PLAINTIFF states:

34) PLAINTIFF realleges and adopts, as if fully set forth in Count 3, the allegations of paragraphs 1 through 23.

35) DEFENDANT YULFO, acting under the authority of the State of Florida and

under color of law as a law enforcement officer employed by the City of Coral Springs, was in the vicinity of the attack on PLAINTIFF by DEFENDANT PROSPER via his K9 partner BO. DEFENDANT YULFO was aware of the attack on PLAINTIFF, was capable of intervening to prevent the use of unnecessary force, and failed to intervene, both while the attack was imminent and while the attack was in progress. DEFENDANT YULFO thereby subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

36) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions and inactions of DEFENDANT YULFO were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

37) As a direct and proximate result of the acts and omissions described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

38) As a further direct and proximate result of the acts and omissions of DEFENDANT YULFO, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life.  PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A.  Judgment for compensatory damages against DEFENDANT YULFO in excess of $15,000;

B.  Judgment for exemplary damages;

C.  Cost of suit;

D.  Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

E.  Trial by jury as to all issues so triable; and

F.  Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT DUMORNAY FOR FAILURE TO INTERVENE, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT DUMORNAY, individually, in Count 4, PLAINTIFF states:

39) PLAINTIFF realleges and adopts, as if fully set forth in Count 4, the allegations of paragraphs 1 through 23.

40) DEFENDANT DUMORNAY, acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by the City of Coral Springs, was in the vicinity of the attack on PLAINTIFF by DEFENDANT PROSPER via his K9 partner BO. DEFENDANT DUMORNAY was aware of the attack on PLAINTIFF, was capable of intervening to prevent the use of unnecessary force, and failed to intervene, both while the attack was imminent and while the attack was in progress. DEFENDANT DUMORNAY thereby subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the

Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

41)   With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions and inactions of DEFENDANT DUMORNAY were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

42)   As a direct and proximate result of the acts and omissions described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

43)   As a further direct and proximate result of the acts and omissions of DEFENDANT DUMORNAY, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life.  PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A.   Judgment for compensatory damages against DEFENDANT DUMORNAY in excess of $15,000;

B.   Judgment for exemplary damages;

C.   Cost of suit;

D.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

-11-

E. Trial by jury as to all issues so triable; and

F. Such other relief as this Honorable Court may deem just and appropriate.

DATED: June 6, 2018

                                         **RUDENBERG & GLASSER, P.A.**
Attorney for Plaintiff
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
(954) 463-9518

By: s/ **Eric S. Rudenberg**
Eric S. Rudenberg
Florida Bar Number: 81992